UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:20CV-P74-TBR

**JEREMY LEWIS KIRKSEY**                                                                **PLAINTIFF**

**v.**

**C. JACKSON** *et al.*                                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jeremy Lewis Kirksey filed the instant *pro se* action proceeding *in forma pauperis*. The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, an inmate at the Calloway County Jail, sues the following Defendants: C. Jackson, a Kentucky State Police trooper; Emily Cook, whom he states is employed as "Animal patrol" with the Calloway County Sherriff's Office; Calloway County Animal Shelter manager; Calloway County Sherriff's Office; and Kentucky State Police Post One. He sues Defendants in their individual and official capacities.

Plaintiff states that his "pit bull got loose and bite a kid walking down the road . . . ." He reports that the child was taken to the hospital. He states that Defendant Jackson came to his house three times and told his fiancée Nancy Fogle to quarantine the dog and that Fogle put the dog in a cage. He states that the third time Defendant Jackson came to his house he "made my fiance take my dog to the dog pound to be killed my fiance told him she didn't want to because it's not here dog. Trooper Jackson told Emily Cook to kill my dog Nancy Fogle heard him say it."

Plaintiff states, "This is forcing Nancy Fogle to steal a animal that's not here's and making sure my dog was killed my dog was 11 year's old and first dog bite she every done." He maintains that he told Defendant Jackson over the phone that it was his dog and that he "would pay every bite of the hospital bill's." Plaintiff states that after talking with him, Defendant Jackson "went back to the house where I was staying and forced Nancy Fogle to steal my dog and take it to dog pound after it was already being kourtine in a cage." He further asserts, "Stealing animal's is a serious charge that's live stock." He reports that Fogle "went to the dog pound to get the dog back and the told her she couldn't have it there killing it so she tried to get the dog after the killed it to be cremmated and the wouldn't let Nancy Fogle have my dog. There's serval law's violated and charge's committed here."

As relief, he seeks compensatory and punitive damage and asks for his dog be replaced.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*,

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

The Court construes the complaint as alleging that Plaintiff's dog was taken from him in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Therefore, Plaintiff cannot state a

violation of the Due Process Clause based on the deprivation of his dog. *See McLeod v. Dukes*, No. 7:18-CV-66, 2018 U.S. Dist. LEXIS 193038, at *12 (M.D. Ga. Nov. 13, 2018) (dismissing due process claim where plaintiff alleged "unauthorized seizure of personal property,[] such as Plaintiff's dogs and other personal property, by state officials") (internal quotation marks and citation omitted); *Cilek v. Hobart Police Dep't*, No. 2:15-CV-151 RL, 2015 U.S. Dist. LEXIS 155736, at *7 (N.D. Ind. Nov. 18, 2015) (dismissing due process claim where plaintiff alleged officers took his dog and finding that "dogs are property" for purposes of a due process claim). Accordingly, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent that Plaintiff may be attempting to bring criminal charges against any of the Defendants, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff is a private citizen and cannot bring criminal charges in this Court against anyone.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: October 5, 2020

*Thomas B. Russell*

cc: Plaintiff, *pro se*
    Defendants
4413.010

**Thomas B. Russell, Senior Judge**
**United States District Court**